**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00680-KDB-DCK**

**JARIN MARCUS WRAY,**

**Plaintiff,**

**v.**

**USAA FEDERAL SAVINGS BANK,**

**Defendant.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motions for a Temporary Restraining Order ("TRO") and a Preliminary Injunction, (Doc. Nos. 6, 12), and Defendant USAA Federal Savings Bank's ("USAA") Motion to Dismiss (Doc. No. 7). The Court has carefully considered the Parties' motions and briefs. For the reasons discussed below, the Court will **GRANT** the Motion to Dismiss and accordingly **DENY** the Plaintiff's motions for temporary and preliminary relief.

## I. LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B. Motions for TRO and Preliminary Injunction**

TROs and preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a TRO may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result

to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A preliminary injunction may be issued only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

The Fourth Circuit has described the standards for temporary or preliminary injunction as follows:

> We review the district court's injunction for abuse of discretion, *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013), examining all factual findings for clear error and legal conclusions de novo, *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). Though an "extraordinary remedy," a preliminary injunction is warranted where the plaintiff has established "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008).

*dmarcian, Inc. v. dmarcian Europe BV*, 60 F.4th 119, 138 (4th Cir. 2023).

Thus, a plaintiff's entitlement to temporary or preliminary injunctive relief is a matter of discretion with the Court, *see Metro. Regul. Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013), and a plaintiff seeking such an injunction must demonstrate that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent injunctive relief, (3) the balance of the equities tips in his favor, and (4) the injunction would be in the public interest. *Winter,* 555 U.S. at 20; *see Hebb v. City of Asheville, N. Carolina,* 655 F. Supp. 3d 388, 393 (W.D.N.C. 2023). All four requirements must be "clearly" satisfied. *Winter*, 555 U.S. at 24. In sum, it is an exacting test because, according to the Supreme Court, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Id.*

## II. FACTS AND PROCEDURAL HISTORY

On or about October 4, 2023, Plaintiff purchased a 2020 Mercedes-Benz G-Class (the "Vehicle") and financed that purchase through USAA. (Doc. Nos. 8; 8-1 (Vehicle Note); 8-2

(Vehicle Contract.))[1] Although Plaintiff made substantial payments on his debt before January 2026, (Doc. Nos. 1-1 ¶ 3 (Complaint)), he did not make any further payments after that date, defaulting on the loan. (Doc. No. 8.) On February 6, 2026, Plaintiff sent several questions to USAA "related to China." Complaint ¶ 3. Several months later, on June 2, 2026, Defendant repossessed the Vehicle for non-payment. *Id.*

Between June 3 and June 19, 2026, Plaintiff attempted communications with USAA and government offices: (1) "I emailed Juan, USAA CEO" on June 3, 2026; (2) "Filed Federal [] and State [] CFPB complaints" on June 3, 2026; (3) "I sent USAA a proposed settlement offer" on June 18, 2026; and (4) "I sent USAA a reminder to respond to the State CFPB complaint" on June 19, 2026. *Id.* ¶ 2.

On June 22, 2026, Plaintiff filed this action[2] in North Carolina state court. *Id.* Plaintiff alleges that USAA repossessed the Vehicle "with no notice or valid reason." *Id.* ¶ 1. Plaintiff further states that he notified USAA "along with Congress, of their connection to illicit business practices with China . . . after notifying USAA of their business partnership with American Express . . . who is also China." *Id.* Also, the Complaint includes approximately 40 pages of screenshots from a website "opencorporates" consisting of corporate structures and overseas

---

[1] The Court will consider extrinsic documents only where necessary and in the light most favorable to Plaintiff. When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

[2] The Complaint is stylized as a memorandum for the State of North Carolina Union County Superior Court with the subject, "Wray Formal Complaint against USAA Federal Savings Bank for the Illegal Repossession of my G63 AMG." (Doc. No. 1-1.)

subsidiaries, as well as email communications from Plaintiff to USAA with numerous references to China and Hong Kong. *Id.*[3]

On August 18, 2026, USAA removed the action to this Court. (Doc. No. 1.) Plaintiff moved for a preliminary injunction two days later, and he moved for a TRO on August 27, 2026. (Doc. Nos. 6, 12.) USAA moved to dismiss on August 25, 2026. (Doc. No. 6.) The Motions are fully briefed and ripe for review and ruling.

## III. DISCUSSION

### A. Motion to Dismiss

The Complaint asserts that USAA illegally repossessed the Vehicle but provides no further elaboration, detail, or reference to the law. As for the lack of substance and supporting facts for Plaintiff's "legal" claims, Defendant argues that Plaintiff "fails to articulate any legal claim against [USAA] and does not identify any statute, regulation, or common-law or contractual duty [USAA] allegedly violated by repossessing the Vehicle." *Id.* In response, Plaintiff contends the motion to dismiss is "baseless" because USAA "engaged in illicit business practices in the interest of a foreign adversary, China" among other accusations the Court need not belabor. Plaintiff does not otherwise contest the merits of the repossession.

The Court agrees with Defendant. The Complaint and opposition are replete with irrelevant references to China and Hong Kong and otherwise devoid of meritorious arguments related to the repossession of the Vehicle. Instead, Plaintiff simply requests relief including "$150k vehicle loan x 3 = $450k payment" and "30-years of home and auto insurance," and for USAA to "voluntarily

[3] Defendants also attach related state-court proceedings purportedly including Plaintiff's state-court *ex parte* Motion for Temporary Restraining Order and the state court's denial. The Court need not decide whether these or other state-court documents are integral to the Complaint because the Complaint, Vehicle Note, and Vehicle Contract are sufficient to resolve the Motions before the Court.

testify before Congress within 1-year (I want the in-person invitation.)." (Doc. No. 10 at 1.) In short, the Complaint is neither legally nor factually sufficient to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Because the Complaint fails to state a claim for "illegal repossession," the Court will dismiss the Complaint.

Although courts must generally grant leave to amend, courts need only do so where a complaint can be remedied by an amendment that might develop a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Courts "may deny leave to amend when 'the amendment would be futile,' such that 'it is clearly insufficient or frivolous on its face' or 'if the claim it presents would not survive a motion to dismiss.'" *Alexander v. Hill-Kearse*, No. 5:26-cv-00062, 2026 WL 1265508, at *3 (S.D.W. Va. Apr. 7, 2026), *report and recommendation adopted*, No. 5:26-cv-00062, 2026 WL 1259622 (S.D.W. Va. May 7, 2026) (quoting *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Here, the only fact plausibly related to a cognizable claim concerns the Vehicle repossession. But Plaintiff does not oppose Defendant's motion to dismiss on grounds that he actually made his car payments. And by expressly stating he only paid $31,000 in 2025, without mentioning the purported nonpayment period in 2026, Plaintiff implicitly concedes this point. With the repossession all-but conclusively valid, no rational amendment could cure this Complaint's defects. Indeed, the Court finds that the Complaint is "clearly frivolous on its face," *Alexander*, 2026 WL 1265508, at *3, and dismissal with prejudice is appropriate.

### B. Preliminary Injunction and Temporary Restraining Order

Plaintiff seeks an injunction "to stop the unauthorized use of [his] vehicle and immediate[] return of [his] G63 [and all personal items therein]." (Doc. No. 6 at 1.)[4] He argues the likelihood of success "remains high" because of "USAA's illicit business practices with China, a foreign adversary." *Id.* Plaintiff further argues that he has and will continue to suffer irreparable harm because he has "kids to take care of," he now faces "many challenges, such as if an emergency arises, the freedom and ability to see my beauty queen," missed sporting events, school events, and celebrations, and has had to "rely on paying Lyft for transportation and DoorDash for food at much higher prices." *Id.* Plaintiff "feels like 2+ months of house arrest." *Id.* He argues the balance of equities favor him because "USAA has no need to keep my G63" and he "should be protected as a whistleblower for reporting the fraud to the proper authorities." *Id.* Lastly, Plaintiff argues the injunction serves the public interest because it would "protect the American public from illicit business practices with a foreign adversary." *Id.*

As with its Motion to Dismiss, Defendant argues that Plaintiff has failed to make a clear showing of likelihood of success on the merits by, among other things, not identifying a "single statute, regulation, or common-law or contractual duty that [USAA] has allegedly breached." (Doc. No. 16 at 2.) Because it is not disputed that Plaintiff granted USAA a security interest in the Vehicle, and Plaintiff failed to make payments, USAA would be within its rights to repossess and subsequently sell the vehicle. *Id.* at 3. USAA further argues that any purported harm is compensable in money damages and therefore not irreparable. *Id.* at 4. Lastly, USAA argues that the balance of equities and public interest factors favor denying the injunctive relief because the

[4] Plaintiff's later-filed TRO largely repeats these arguments. (Doc. No. 12.) The Court will not repeat them here, though it has carefully considered both sets of briefs related to Plaintiff's motions.

parties freely bargained for and entered the Vehicle Contract, and any purported “illicit business practices” with China are “untethered to the relief [Plaintiff] seeks. *Id.* at 5.

Again, the Court agrees with Defendants. A preliminary injunction is an extraordinary remedy, and Plaintiff has not met his burden. *See dmarcian, Inc.*, 60 F.4th at 138 (citing *Winter*, 555 U.S. at 20, 24). Plaintiff’s motions do not clearly establish a likelihood of success on the merits or satisfy any of the other *Winter* factors necessary to obtain a preliminary injunction. He asserts only conclusory statements, provides no supporting authority, and otherwise discusses irrelevant notions of “illicit” business practices with China. Therefore, even if the motions were not mooted by the Court’s granting of Defendant’s Motion to Dismiss (which they are), Plaintiff’s motions independently would fail and will be DENIED.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant’s Motion to Dismiss (Doc. No. 7) is **GRANTED;**
2. Plaintiff’s Motion for Preliminary Injunction (Doc. No. 6) and Motion for Temporary Restraining Order (Doc. No. 12) are **DENIED;** and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 23, 2026

Kenneth D. Bell
United States District Judge