IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-00680-KDB-DCK

| | |
|---|---|
| **JARIN MARCUS WRAY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**USAA FEDERAL SAVINGS BANK,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for an Injunction Pending Appeal (Doc. No. 25). The Court has carefully considered the Motion. For the reasons discussed below, the Court will **DENY** Plaintiff's Motion.

## I. LEGAL STANDARD

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm

in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 20.

## II. FACTS AND PROCEDURAL HISTORY[1]

On or about October 4, 2023, Plaintiff purchased a 2020 Mercedes-Benz G-Class (the "Vehicle") and financed that purchase through USAA. (Doc. Nos. 8; 8-1 (Vehicle Note); 8-2 (Vehicle Contract)). Due to failure to make any payments after January 2026, USAA repossessed the Vehicle on June 2, 2026. Plaintiff moved for a preliminary injunction and TRO (Doc. Nos. 6, 12), and USAA moved to dismiss (Doc. No. 6). The Court denied Plaintiff's Motions and granted USAA's Motion. (Doc. No. 21). On September 29, 2026, Plaintiff filed an appeal with the Court of Appeals for the Fourth Circuit, Case No. 26-2392, and, on the same day, Plaintiff gave notice of appeal from that Order and moved for an injunction pending appeal. (Doc. Nos. 23, 25).

## III. DISCUSSION

Plaintiff seeks an injunction "to stop the unauthorized use of [his] vehicle and immediate[] return of [his] G63 while an appeal is pending." (Doc. No. 25 at ¶ 1). He argues that he has stated a claim: "the illegal repossession of my G63." *Id.* He further argues that "filing in the W.D.N.C. would be impractical knowing Judge Kenneth D. Bell's work as a Court Receiver and as a partner for McGuireWoods that earned his 2019 lifetime appointment were also engaged in business fraud with China." *Id.* Plaintiff argues that numerous entities—which the Court will spare detailing further —have illicit and fraudulent business relationships with China. *Id.* ¶¶ 2-3. The remainder of Plaintiff's memorandum repeats the same arguments the Court previously considered and found insufficient for a preliminary injunction (e.g., allegations of business with China, having "kids to

[1] A more detailed recitation of the facts is found in the Court's Order denying Plaintiff's Motion for Temporary Restraining order and granting Defendant's Motion to Dismiss, dated September 23, 2026. (Doc. No. 21).

take care of," "freedom and ability to see my beauty queen," missing sport and school events, and higher prices for food delivery). *Id.*

The Court finds that Plaintiff has not met his burden that an injunction pending appeal is appropriate. Neither a hearing on the Motion nor responsive briefing by Defendant is necessary to resolve Plaintiff's Motion. *See Strickland v. United States*, No. 22-1963, 2022 WL 10416526, at *1 (4th Cir. Oct. 18, 2022); *see also* Fed. R. Civ. P. 65.

Accordingly, Plaintiff's Motion is DENIED.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Injunction Pending Appeal (Doc. No. 25) is **DENIED;** and
2. The Clerk is directed to maintain this matter as closed pending appeal in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 7, 2026

Kenneth D. Bell
United States District Judge